IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

DEBRA CASCIO, et al.,

    Plaintiffs,

    v.

JOHNSON & JOHNSON, et al.,

    Defendants.

CIVIL ACTION FILE
NO. 1:23-CV-3127-TWT

**OPINION AND ORDER**

This is a product liability case. It is before the Court on the Defendants'[1] Motion to Dismiss [Doc. 18] and the Plaintiffs'[2] Motion to Supplement the Response Brief [Doc. 26]. For the reasons explained below, the Defendants' Motion to Dismiss [Doc. 18] is GRANTED and the Plaintiffs' Motion to Supplement [Doc. 26] is GRANTED.

### I.    Background[3]

This case involves sunscreen that allegedly caused the Plaintiff Debra Cascio to develop acute lymphoblastic leukemia ("ALL"). The Defendants are foreign corporations who were incorporated and have their principal place of

---

[1] The Defendants in this case are Johnson & Johnson and Johnson & Johnson Consumer, Inc. (Compl. ¶¶ 5-6). The Court will collectively refer to them as "Defendants."

[2] The Plaintiffs in this case are Debra and Dan Cascio. (Compl. ¶¶ 3-4). The Court will collectively refer to them as "Plaintiffs."

[3] The Court accepts the facts as alleged in the Complaint as true for purposes of the present Motion to Dismiss. *Wildling v. DNC Servs. Corp.*, 941 F.3d 1116, 1122 (11th Cir. 2019).

business in New Jersey. (Compl. ¶¶ 5-6). At all relevant times, the Defendants were in the business of designing, manufacturing, testing, training, marketing, promoting, packaging, labeling, and selling sunscreen products. (*Id.* ¶ 8). The Plaintiffs are individuals domiciled in Georgia. (*Id.* ¶¶ 3-4).

Plaintiff Debra Cascio began using Neutrogena Beach Defense sunscreens in or around 2016. (Compl. ¶ 32). She used the sunscreens daily and applied it to her neck, shoulders, arms, hands, legs, feet, and face. (*Id.*). She regularly applied the sunscreen to her body 3-4 times daily but would decrease her usage on days when it was raining. (*Id.*). The Defendants recalled all lots of five Neutrogena and Aveeno aerosol sunscreen product lines—including the Beach Defense line—in response to a citizen petition to the FDA by Valisure, LLC. (*Id.* ¶¶ 14, 16; Maguire Decl., Ex. B[4]). Valisure "tested and detected high levels of benzene, a known human carcinogen, in several brands and batches of sunscreen," including some made by the Defendants. (*Id.* ¶ 17).

---

[4] The Plaintiffs did not attach the recall notice to its Complaint, even though they listed it as an exhibit. (Compl. ¶ 14). The Defendants have attached the recall notice to its Motion to Dismiss. (Defs.' Br. in Supp. of Mot to Dismiss, at 3 n. 2; Maguire Decl., Ex. B.). "[W]here the plaintiff refers to certain documents in the complaint and those documents are central to the plaintiff's claim, then the Court may consider the documents part of the pleadings for purposes of Rule 12(b)(6) dismissal, and the defendant's attaching such documents to the motion to dismiss will not require conversion of the motion into a motion for summary judgment." *Brooks v. Blue Cross and Blue Shield of Fla., Inc.*, 116 F.3d 1364, 1369 (11th Cir. 1997) (citation omitted). The Court finds this is the case with respect to the recall notice as well as the Valisure Petition.

Plaintiff Debra Cascio used sunscreen products until she received an email from Costco on or about July 15, 2021, that informed her of the Defendants' recall. (*Id.* ¶¶ 34). In July 2021, she was diagnosed with ALL, a disease that is rarely seen in adults without benzene exposure. (*Id.* ¶¶ 35-36). Based on these facts, the Plaintiffs have filed suit alleging product liability, negligence, misrepresentation, breach of warranty, and loss of consortium claims. The Defendants now move to dismiss the Complaint.

## II.    Legal Standard

A complaint should be dismissed under Rule 12(b)(6) only where it appears that the facts alleged fail to state a "plausible" claim for relief. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009); Fed. R. Civ. P. 12(b)(6). A complaint may survive a motion to dismiss for failure to state a claim, however, even if it is "improbable" that a plaintiff would be able to prove those facts; even if the possibility of recovery is extremely "remote and unlikely." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 556 (2007). In ruling on a motion to dismiss, the court must accept the facts pleaded in the complaint as true and construe them in the light most favorable to the plaintiff. *See Quality Foods de Centro Am., S.A. v. Latin Amwi. Agribusiness Dev. Corp., S.A.*, 711 F.2d 989, 994-95 (11th Cir. 1983); *see also Sanjuan v. American Bd. of Psychiatry & Neurology, Inc.*, 40 F.3d 247, 251 (7th Cir. 1994) (noting that at the pleading stage, the plaintiff "receives the benefit of imagination"). Generally, notice pleading is all that is

3

required for a valid complaint. See *Lombard's, Inc. v. Prince Mfg., Inc.*, 753 F.2d 974, 975 (11th Cir. 1985). Under notice pleading, the plaintiff need only give the defendant fair notice of the plaintiff's claim and the grounds upon which it rests. See *Erickson v. Pardus*, 551 U.S. 89, 93 (2007) (citing *Twombly*, 550 U.S. at 555).

## III. Discussion

The Defendants argue that the Complaint should be dismissed because the Plaintiffs fail to sufficiently allege product identification, causation, and misrepresentation. Since the loss of consortium claim and the request for punitive damages are derivative, the Defendants assert that they should be dismissed along with the underlying claims. The Court agrees that the Plaintiffs have failed to allege causation and thus dismisses all claims.

In the Complaint, the Plaintiffs allege that Debra Cascio used "the recalled Neutrogena Beach Defense SPF 30, 50, 60, or 70." (Compl. ¶ 32). The Defendants contend that "[b]y referring to the products only by the product name, without any other identifying information, Plaintiffs have failed to sufficiently allege product identification to plead their claims." (Defs.' Br. in Supp. of Mot. to Dismiss, at 6). Moreover, "the Complaint fails to plausibly plead that **all** of JJCI's sunscreen products have consistently contained benzene, or that the benzene content in **any** sunscreen product Debra Cascio allegedly used caused her to be exposed to sufficient concentrations of benzene

4

to have caused her injury." (*Id.* at 15). The Court agrees with the Defendants.

To demonstrate that the sunscreen she used contained benzene, Plaintiff Debra Cascio relies on a voluntary recall notice issued by the Defendants as well as a citizen petition submitted by Valisure. (Compl. ¶¶ 14, 16-18). For starters, a recall of a product is not evidence of a defect. *See, e.g.*, *Burbank v. BMW of N. Am., LLC*, 2022 WL 833608, at *9 (D.N.J. March 21, 2022) (noting that "[a] recall will often be overinclusive" and that "the mere existence of a recall does not prove that any individual's vehicle actually contained a nonconformity."); *Garcia v. Volkswagen Grp. of Am., Inc.*, 2022 WL 2542291, at *9 (E.D. Va. July 7, 2022) ("[A] general recall is not evidence that any of the Plaintiffs' vehicles possessed some defect." (collecting cases)). Thus, the Defendants' recall notice alone cannot support a plausible inference that the sunscreen Plaintiff Debra Cascio used contained benzene. *See Bailey v. Monaco Coach Corp.*, 350 F. Supp. 2d 1036, 1045 (N.D. Ga. 2004) ("[T]his recall notice alone is irrelevant without independent proof that Bailey's brakes suffer from the same defect." (citations omitted)).

The Plaintiffs also rely on the results of testing by Valisure and by the Defendants to plausibly allege that the sunscreen she used contained benzene. They state that there is no question "that Defendants issued the recall in response to the Valisure Citizen Petition, which shows, among other things, that 10 of the 14 batches that were found to contain benzene in concentrations

over 2.0 ppm are NEUTROGENA® aerosol spray products." (Pls.' Br. in Opp'n to Mot. to Dismiss, at 5). That may be so, but it misses the point. Only one of the batches tested by Valisure—Neutrogena Beach Defense SPF 50—is referenced in the Complaint.[5] (Compl. ¶ 32; Maguire Decl., Ex. A at 12-15). That sunscreens Plaintiff Debra Cascio never used contain benzene is irrelevant to the question of whether the Defendants' sunscreens caused the Plaintiffs' injuries.

Furthermore, Valisure's finding that one batch of the Neutrogena Beach Defense SPF 50 contains benzene does not lead to a reasonable inference that the sunscreen Plaintiff Debra Cascio used also contained benzene. The Valisure petition stated that "[t]here was significant variability from batch to batch, even within a single brand, underscoring the importance of batch-level chemical analysis." (Maguire Decl., Ex. A at 8). This explains why the petition only requested "a recall *of identified batches* of sunscreen products" rather than entire product lines. (*Id.* at 2 (emphasis added)). Yet, the Plaintiffs do not provide any information about any of the batches that Plaintiff Debra Cascio used. The Defendants identify several cases in their Motion to Dismiss that have found such batch information is necessary to survive a motion to dismiss.

---

[5] Since the Neutrogena Beach Defense SPF 30, 60, and 70 sunscreens were not even tested by Valisure, the citizen petition does not lead to a reasonable inference that those sunscreens contained benzene.

*See, e.g.*, *Bodle v. Johnson & Johnson Consumer Inc.*, 2022 WL 18495043, at *2 (N.D. Cal. Feb. 24, 2022) (dismissing complaint because "despite the fact that the FAC and the Valisure Petition on which it relies identifies only specific batches of [Johnson & Johnson Consumer Inc.] sunscreen products which were allegedly contaminated with benzene, Plaintiff does not allege that she ever purchased or used a product produced from the allegedly contaminated batches."); *Rooney v. Procter & Gamble Co.*, 2023 WL 1419870, at *4 (E.D. La. Jan. 31, 2023) ("Taking plaintiffs' allegations as true, they show in their third amended complaint that Rooney used a certain kind of Secret antiperspirant, that Valisure tested some batches of that general type of antiperspirant, two of which contained benzene. That two batches of the kind of antiperspirant product Rooney used allegedly contained benzene does not render plausible plaintiffs' assertion that Rooney herself was exposed to benzene."). The Plaintiffs do not even cite—much less distinguish—these cases. The Defendants also provide supplemental authority that states, "without a matching reference in the Amended Complaint of the batches or lot numbers from the actual products used by [the Plaintiff] to the batches or lot numbers of the products recalled, the allegations in the Amended Complaint are merely conclusory." *Foreman v. Procter & Gamble Co.*, 2023 WL 8853725, at *5 (W.D. La. Dec. 20, 2023).

In their Motion to Supplement,[6] the Plaintiffs provide three recent cases in which plaintiffs' complaints have survived motions to dismiss. However, those cases do not provide any basis to differentiate this case from *Bodle* or *Rooney*. For one of the cases, the Plaintiffs cite to a docket entry that says the motion to dismiss was denied "[f]or the reasons stated on the record during the December 21, 2023 hearing in this matter." *Farris v. Johnson & Johnson*, No. 2:22-cv-00416-MHH, ECF Doc. 40 (N.D. Ala. Dec. 21, 2023). However, the Plaintiffs do not provide any transcripts from the hearing to show the reasoning of the court. In *Hux v. Johnson & Johnson*, 2024 WL 189438, at *1 (W.D.N.C. Jan. 17, 2024), "the Court summarily denie[d] the Motion to Dismiss." While the court did state that "[t]he authorities cited by Defendants are distinguishable and do not compel a different result," it did not explain what facts distinguished the cases. *Id.* Since the Plaintiffs have not offered any facts that distinguish the present case from *Bodle* and *Rooney* (and since none are readily discernible), the Court does not follow *Hux*. The third and final case provided by the Plaintiffs is *Hazard v. Johnson & Johnson Consumer, Inc.*, No. 2:23-cv-07629, ECF Doc. 39 (C.D. Cal Dec. 12, 2023). The court there cited *Bodle* as contrary authority to its denial of the motion to dismiss. *Id.* at 3. However, the court likewise did not differentiate *Bodle* and instead stated that

---

[6] The Motion to Supplement [Doc. 26] is granted.

the "Plaintiff has alleged sufficient facts to plausibly allege that the [Johnson & Johnson] products she used contained benzene," without explaining what facts led to that conclusion. *Id.* The Court finds that the cases cited by the Defendants are more persuasive. Given the batch-to-batch variability noted by the Valisure petition, the Court cannot conclude that a finding of benzene in one batch of only one of the product lines that Plaintiff Debra Cascio used plausibly establishes that the sunscreens she actually used contained benzene.

As for Johnson & Johnson's internal testing, the recall notice states that "[i]nternal testing identified low levels of benzene in some samples of the products." (Maguire Decl., Ex. B at 1). The Court cannot reasonably infer from this statement (or any others in the recall notice or Complaint) that any of the sunscreens used by Plaintiff Debra Cascio were among the samples that contained benzene. The recall notice does not state how many samples contained benzene, how many samples were tested, or what product lines or batches contained benzene. Without such information, the Court would have to infer from the mere fact that there was a recall involving the Neutrogena Beach Defense sunscreens that the sunscreens Plaintiff Debra Cascio used were contaminated with benzene. However, as explained above, the existence of a recall does not establish a defect. *See, e.g.*, *Burbank*, 2022 WL 833608 at *9 ("A recall will often be overinclusive. A manufacturer might, for example, recall a whole line of automobiles even if a manufacturing defect occurred only

9

at a specific factory. Or a manufacturer might recall all vehicles produced in a certain factory even if only one model contains a manufacturing defect. Either way, the mere existence of a recall does not prove that any individual's vehicle actually contained a nonconformity.").

The Court thus concludes that the Plaintiffs have not plausibly established that the sunscreens Plaintiff Debra Cascio used contained benzene. Accordingly, the Plaintiffs also fail to plausibly allege that the Defendants' products caused Plaintiff Debra Cascio's injuries. Since the Plaintiffs do not plausibly allege causation, all of their claims are dismissed without prejudice.

## IV. Conclusion

For the foregoing reasons, the Defendants' Motion to Dismiss [Doc. 18] is GRANTED without prejudice and the Plaintiffs' Motion to Supplement [Doc. 26] is GRANTED. If a motion for leave to amend is not filed within 14 days from the date of this Order, the dismissal will be with prejudice.

SO ORDERED, this ___20th___ day of February, 2024.

*[signature: Thomas W. Thrash]*

THOMAS W. THRASH, JR.
United States District Judge