IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

DEBRA CASCIO, et al.,

   Plaintiffs,

   v.

JOHNSON & JOHNSON, et al.,

   Defendants.

CIVIL ACTION FILE
NO. 1:23-CV-3127-TWT

**OPINION AND ORDER**

This is a product liability case. It is before the Court on the Plaintiffs'[1] Motion for Leave to File First Amended Complaint [Doc. 29]. For the reasons stated below, the Plaintiffs' Motion for Leave to File First Amended Complaint [Doc. 29] is GRANTED.

### I. Background

This case is about sunscreen that allegedly caused Plaintiff Debra Cascio to develop acute lymphoblastic leukemia ("ALL"). The Defendants[2] are foreign corporations who are incorporated and have their principal place of business in New Jersey. (First Am. Compl. ¶¶ 5-6). At all relevant times, the Defendants were in the business of designing, manufacturing, testing,

---

[1] The Plaintiffs in this case are Debra and Daniel Cascio. (First Am. Compl., Doc. 29-1, ¶¶ 3-4). The Court will refer to them collectively as "Plaintiffs."

[2] The Defendants in this case are Johnson & Johnson and Johnson & Johnson Consumer, Inc. (First Am. Compl. ¶¶ 5-6). The Court will collectively refer to them as "Defendants."

training, marketing, promoting, packaging, labeling, and selling sunscreen products. (*Id.* ¶ 8). The Plaintiffs are individuals domiciled in Georgia. (*Id.* ¶¶ 3-4).

Plaintiff Debra Cascio began using Neutrogena® Beach Defense sunscreens (SPFs 30, 50, 60, and 70) as a skin protectant in or around 2016. (*Id.* ¶ 45). She used the sunscreens daily, applying them to her neck, shoulders, arms, hands, legs, feet, and face. (*Id.*). She regularly applied the sunscreens 3-4 times daily but would decrease her usage on days when it was raining. (*Id.*). In 2021, the Defendants recalled all lots of five lines of Neutrogena® and Aveeno® aerosol sunscreens, including the Beach Defense products. (*Id.* ¶ 23, Ex. A). The voluntary recall was issued after internal testing and a citizen petition from independent pharmacy Valisure to the FDA found benzene in some of the Defendants' aerosol sunscreens. (*Id.* ¶¶ 22-23). Plaintiff Debra Cascio continued to use the sunscreens until she received an email from Costco on or about July 15, 2021, informing her about the recall. (*Id.* ¶ 55). During the approximately five years she used the sunscreens, she applied them to her skin at least 5,475 times. (*Id.* ¶ 51). In or around July 2021, Plaintiff Debra Cascio was diagnosed with ALL, which required extensive treatment at Emory Winship Cancer Institute, including a stem cell transplant. (*Id.* ¶ 61). ALL is a disease rarely seen in adults without benzene exposure. (*Id.* ¶ 62).

Based on these facts, the Plaintiffs filed suit alleging product liability, negligence, misrepresentation, breach of warranty, and loss of consortium claims. The Court dismissed the original Complaint but gave the Plaintiffs an opportunity to seek leave to amend within 14 days. The Plaintiffs timely filed the present motion for leave to amend.

## II.   Legal Standards

When a party is not entitled to amend its pleading as a matter of course, it must obtain the opposing party's consent or the court's permission to file an amendment. Fed. R. Civ. P. 15(a)(2). Rule 15(a)(2) provides that a court should "freely" give leave to amend a pleading "when justice so requires." *Id.* Although a discretionary decision, the Eleventh Circuit has explained that "district courts should generally exercise their discretion in favor of allowing amendments to reach the merits of a dispute." *Pinnacle Advert. & Mktg. Grp., Inc. v. Pinnacle Advert. & Mkgt. Grp., LLC*, 7 F.4th 989, 1000 (11th Cir. 2021). Generally, "where a more carefully drafted complaint might state a claim, a plaintiff must be given *at least one* chance to amend the complaint before the district court dismisses the action with prejudice." *Garcia v. Chiquita Brands Int'l, Inc.*, 48 F.4th 1202, 1220 (11th Cir. 2022) (citation omitted). There are three exceptions to this rule: "(1) where there has been undue delay, bad faith, dilatory motive, or repeated failure to cure deficiencies by amendments; (2) where allowing amendment would cause undue prejudice to the opposing

3

party; or (3) where amendment would be futile." *Id.* (citation and alteration omitted).

Leave to amend a complaint is considered futile "when the complaint as amended would still be properly dismissed or be immediately subject to summary judgment for the defendant." *Cockrell v.* Sparks, 510 F.3d 1307, 1310 (11th Cir. 2007). The burden falls on the party opposing amendment to establish futility. *See Tims v. Golden*, 2016 WL 1312585, at *13 n.20 (S.D. Ala. Apr. 4, 2016) (collecting cases). If a proposed amendment is not clearly futile, then denial of leave to amend is improper. *See* 6 Wright & Miller, Federal Practice and Procedure § 1487 (3d ed. July 2022 update).

### III.  Discussion

The Plaintiffs move for leave to amend, and the Defendants oppose the motion on the grounds that it is futile since the Plaintiffs have not fixed the pleading failures that the Court identified in its Opinion and Order dismissing the original Complaint. The Court disagrees and will grant the Motion for Leave to Amend.

The Court previously agreed with the Defendants that the original Complaint "fail[ed] to plausibly plead...that the benzene content in any sunscreen product Debra Cascio allegedly used caused her to be exposed to sufficient concentrations of benzene to have caused her injury" and accordingly dismissed the Complaint for lack of causation. (Op. and Order, Doc. 28, at 4-5,

4

10). The Plaintiffs have now corrected that gap in the pleading. They specifically allege that "[a] large majority of the Neutrogena® aerosol spray sunscreen that she used were contaminated with high enough levels of benzene that, over time, exposed her to a cumulative chronic dose of benzene that caused her to develop a rare leukemia diagnosis that she otherwise would not have suffered." (First Am. Compl. ¶ 47). The Defendants dismiss this allegation as a "red herring" because the Plaintiffs do not provide evidence supporting that allegation. (Defs. Br. in Opp. to Mot. for Leave to Amend, at 6-7). This confuses the pleading standard. The Plaintiffs need only plausibly allege causes of action at the pleading stage; they need not provide evidentiary support. *See Ashcroft v. Iqbal*, 556 U.S. 662, 677-80 (2009). Since this allegation is not a threadbare legal conclusion, the Court must accept it as true. *Id.* at 679.

Moreover, despite Defendants' statement to the contrary, the Plaintiffs do not make this claim "without any basis." (Defs.' Br. in Opp. to Mot. for Leave to Amend, at 6). Rather, the Plaintiffs provide detailed allegations about the use of isobutane as an aerosol propellant, how benzene can be produced as a residual solvent when using isobutane, and how the Defendants did not have systems in place to remove benzene from their finished products. (First Am. Compl. ¶¶ 38-43). The Plaintiffs then plead information regarding eleven sunscreen cans they retained that "came from batches at [a] manufacturing

5

location where the isobutane supply was contaminated with high levels of benzene over the course of Debra's multi-year use." (*Id.* ¶ 56-60). The isobutane supply at that location "was contaminated with high levels of benzene—more than 2 parts per million—and no controls or systems were in place to remove benzene from the finished good." (*Id.* ¶ 56). These allegations are neither conclusory nor threadbare and are thus entitled to the presumption of truth at this stage. Taking them as true, the Court finds that they plausibly allege that the products Plaintiff Debra Cascio used contained benzene.[3] Since the First Amended Complaint corrects the pleading failures in the original Complaint, the Court finds that granting leave to amend is not futile on that ground.

The Defendants argue it is also futile to grant leave to amend as to the Plaintiffs' misrepresentation claim and their request for punitive damages. With respect to the misrepresentation claim, the Defendants contend that the

---

[3] The Plaintiffs also add in their First Amended Complaint allegations regarding the FDA's Health Hazard Evaluation ("HHE"). (First Am. Compl. ¶¶ 30-37). In the HHE, the FDA found that the tested sunscreens contained benzene ranging from 11.2 to 23.6 ppm and posed potentially life-threatening risk to consumers. (*Id.*, Ex. C). The Plaintiffs allege that the testing "includes but is not limited to Neutrogena® Beach Defense® SPF 30, 50, 60, and 70." (*Id.* ¶ 30). However, the Plaintiff failed to include with the study the attached table that lists the products tested and the test results associated with them. (*See id.*, Ex. C). The Court questions whether a plaintiff can rely on some parts of an exhibit, omit other crucial parts of the exhibit, and use allegations to fill the gaps left by the omissions. Yet, because the Court finds that the First Amended Complaint plausibly pleads that the sunscreens Plaintiff Debra Cascio used were contaminated with benzene even without considering the HHE, the Court need not resolve this issue.

Plaintiffs fail to plead the misrepresentation with particularity. (Defs.' Br. in Opp'n to Mot. for Leave to Amend, at 9-10). Namely, the Defendants argue that "[c]laiming merely that Defendants failed to warn about the presence of benzene in their products does not satisfy the heightened pleading requirements of Rule 9(b)." (*Id.* at 10).

However, under Georgia law, "[s]uppression of a material fact which a party is under an obligation to communicate constitutes fraud." O.C.G.A. § 23-2-53. The Plaintiffs allege that the Defendants "falsely and fraudulently represented to the public that the recalled products had been tested and were safe and effective." (First Am. Compl. ¶ 130). They then list thirteen facts that the Defendants failed to disclose. (*Id.* ¶ 133). Because manufacturers are under an obligation to warn of foreseeable dangers, the Plaintiffs argue that this is sufficient to state a claim for misrepresentation. (Pls.' Br. in Supp. of Mot. for Leave to Amend, at 14-15). Since this is a motion for leave to amend and the burden is thus on the Defendants to clearly show futility, the Court agrees with the Plaintiffs and will permit them to file the First Amended Complaint.[4]

---

[4] Regarding punitive damages, the Defendants' argument appears to be dependent on the Plaintiffs' misrepresentation claim failing. (*See* Defs.' Br. in Opp'n to Mot. for Leave to Amend, at 10-11). Because the Court will permit the First Amended Complaint to include the misrepresentation claim, the Plaintiffs' request for punitive damages may be included as well. Of course, the Defendants may still file a motion to dismiss once the First Amended Complaint is docketed.

## IV. Conclusion

For the foregoing reasons, the Plaintiff's Motion for Leave to File First Amended Complaint [Doc. 29] is GRANTED. The Court directs the Clerk to docket the First Amended Complaint [Doc. 29-1] as the operative complaint.

SO ORDERED, this ___3rd___ day of July, 2024.

*Thomas W. Thrash*
THOMAS W. THRASH, JR.
United States District Judge